GLADNEY, Judge.
This is an action to recover a cash payment made in connection with a contract executed by plaintiff and defendant under the terms of which defendant obligated itself to teach petitioner a business course. Plaintiff has appealed from a judgment of the City Court of Shreveport, maintaining exceptions of no cause or right of action and dismissing her suit.
The cause of action which plaintiff attempted to set out in her petition is embraced in the following articles of the petition, to-wit:
“That on or about July 21, 1954, petitioner entered into a contract with Spencer Business College, Inc., as is more fully shown from duplicate original of the said contract hereto attached and made a part hereof;
“That by virtue of said contract entered into by petitioner and said defendant, said defendant bound and obligated itself to teach petitioner a business course, known by it as its course Number 3, in consideration of the payment to it by petitioner of Three Hundred Fifty & No/100 ($350.00) Dollars, One Hundred Twenty Two & 50/100 ($122.50) Dollars thereof being paid in cash and the balance of Two Hundred Twenty Seven & 50/100 ($227.50) Dollars to be paid at the rate of Thirty & No/100 ($30.00) Dollars per month upon entry of said petitioner in said college;
“That due to an illness of petitioner which could not be foreseen, petitioner was unable to enter said college and take said course and duly informed said defendant;
“That petitioner then called upon said defendant to return to her the One Hundred Twenty Two & 50/100 ($122.50) Dollars paid by her unto said defendant in view of the fact that the consideration therefor had failed but said defendant, though recognizing its obligation to refund said amount, has failed and arbitrarily refused to do so.”
By reference to the written contract or instrument attached to the petition, we observe that it bears the heading: “Lifetime Enrollment Certificate” and provides “For Value Received, I hereby purchase a transferable Life Certificate, delivered this date, covering a No. 3 Business Course, and in payment thereof obligate myself to pay to the order of Spencer Business College of Shreveport the sum of Three Hundred Fifty and No/100 Dollars * * *.” There follows certain data supplied by plaintiff in connection with enrollment questions.
In brief, counsel for appellant urges the exceptions should have been overruled and plaintiff allowed to show an illness prevented her attendance at school, and further, *367 that to allow defendant to retain the money without giving anything in return would be a most inequitable and illegal procedure. It is contended that the position thus taken is supported by the following articles of the Code, which are herewith quoted:
“Art. 2301:
“He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has un--duly received it.
“Art. 2302:
“He who has paid through mistake, believing himself a debtor, may reclaim what he has paid. * * *
“Art. 2308:
“It is considered that a thing has been paid, when not due, if the payment was made by virtue of an agreement, the effect of which is suspended by a condition, the event of which is uncertain.”
Another authority referred to is 17 C.J. S., Verbo Contracts, § 465, p. 957, which provides:
“Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract; so that death or disability will operate as a discharge * • *
And also cited to this same effect is 12 Am.Juris. 952, et seq:
“ * * * It is well settled that it is an implied condition that performance shall be excused in case the person who alone is competent to perform, is disabled by illness * *
In the instant case the consideration paid to .defendant was in accordance with an agreement, the validity of which is not under attack. The defendant was not paid through error, nor did it receive plaintiff’s money knowing that it was not entitled to receive it. Plaintiff’s suit is for the return of money paid for tuition and the sole ground urged for the dissolution of the contract is that she became sick and was not able to undertake the scheduled course of study. Thus, articles 2301 and 2302 of the Code have no application. Nor is article 2308 pertinent. The conditions referred to in this article certainly are not to be found in the instant contract. The condition which will suspend the effect of an agreement referred to in article 2308 is what is generally referred to as either a condition precedent or a resolutory condition, neither of which can be inferred from the subject contract.
It appears to us that by enteripg into the agreement with the defendant,'plaintiff had the following rights: she could enroll and take the course; She could, if not physically able to enter upon the scheduled term, exercise her right to enter at any subsequent term; and, finálly, if she did not take the course, the certificate was by its terms made transferable to a third person.
Plaintiff’s petition does not* allege that it will be impossible for her to attend at some time other than the scheduled term, nor does she allege that the certificate was not transferable for a valuable consideration. We may add also that there is no allegation in the petition to the effect defendant has refused or failed to permit compliance with any of the obligations imposed upon it by the agreement.
Counsel for appellant argues before this court that where it is impossible for a student to secure instruction for which tuition has been paid, there is an implied agreement that the tuition will be returned. But, as heretofore pointed out, plaintiff’s petition does not allege her impossibility of attendance. Even in this respect it falls short of stating a cause of action. The contract itself has no express limitation as to when it shall be performed by either plaintiff or defendant. It seems to us, therefore, that it was incumbent upon plaintiff in order to state a cause of action, to allege that either the contract itself was illegal or that performance by plaintiff was excused under *368 the express or implied conditions of the contract. This has not been done.
It appears to us, therefore, that the judgment from which appealed is correct and , ,, . r¡. , , 1, ,, . should be affirmed at appellant s cost.